IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **NATIONAL TRUST INSURANCE COMPANY**<br>Chief Financial Officer<br>200 East Gaines Street<br>Tallahassee, FL 32399<br><br>    **Plaintiff,**<br>v.<br><br>**BANKERS STANDARD INSURANCE COMPANY**<br>436 Walnut St.<br>Philadelphia, PA 19106<br><br>    SERVE (via certified mail):<br>    CT Corporation System,<br>    Registered Agent<br>    116 Pine St., #320<br>    Harrisburg, PA 17101<br><br>    **Defendant.** | **CASE NO.:**<br><br>**Judge:**<br><br>**Magistrate Judge:**<br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(WITH JURY DEMAND ENDORSED HEREON)**<br><br>*Electronically Filed* |

Plaintiff, National Trust Insurance Company ("NTI"), by its attorneys, for its Complaint for Declaratory Judgment against Defendant, Bankers Standard Insurance Company ("Bankers"), states as follows:

### THE PARTIES

1. NTI is a Florida Corporation with its principal place of business in Sarasota, Sarasota County, Florida.

2. Upon information and belief, Bankers is a Pennsylvania corporation with its principal place of business in Philadelphia, Philadelphia County, Pennsylvania.

### JURISDICTION AND VENUE

3. This is an action for Declaratory Judgment pursuant to FRCP 57, 28 U.S.C. sec. 2201, and ORC 2721, *et seq.*, to determine the rights and/or obligations of the parties pursuant to several insurance contracts which were entered into in Ohio

        between NTI and its named insured, PIECO, Inc., and Bankers and its named insureds, Michael and Robin Gardner.

4. Subject matter jurisdiction in this action is based on diversity of citizenship and the amount in controversy, which is in excess of $75,000.00, pursuant to 28 U.S.C. sec. 1332.

5. Personal jurisdiction and venue are proper in this Court in that the accident that gave rise to the controversy and this complaint for declaratory judgment occurred in Hancock County, Ohio, and the relevant insurance contracts were issued in Hancock County, Ohio.

## THE NTI INSURANCE CONTRACTS

6. NTI issued a commercial auto insurance policy, Policy No. CA0029569-02 (the "NTI Auto Policy"), and a commercial liability umbrella policy, Policy No. UMB0020903-02 (the "NTI Umbrella Policy"), to PIECO, Inc. ("PIECO") with an effective policy period of April 10, 2016, through April 10, 2017. (A certified copy of the contract is attached as Exhibit 1.)

7. The NTI Auto Policy had a limit of $1,000,000.00. (See Exhibit 1, p. 9 of 172.)

8. The Umbrella Policy had a limit of $5,000,000.00. (See Exhibit 1, p. 110 of 172.)

9. The NTI Auto Policy is the primary insurance policy for the accident that gave rise to the controversy and this complaint for declaratory judgment.

10. The NTI Umbrella Policy contains, among other things, terms and conditions regarding liability coverage. Specifically, the NTI Umbrella policy provides that,

> This insurance is excess over, and shall not contribute with any of the other insurance whether primary, excess, contingent, or on any other basis. This condition will not apply to insurance specifically written as excess over this coverage part. (See Exhibit 1, p. 131 of 172 (p. 12 of 17 of CU 00011207).)

## THE BANKERS INSURANCE CONTRACTS

11. Bankers issued a personal auto insurance policy, Policy No. 268-04-98-19A (the "Bankers Auto Policy"), and a personal liability umbrella policy, Policy No. 268-04-98-19U (the "Bankers Umbrella Policy"), to Michael and Robin Gardner, with an effective policy period of September 13, 2015, through September 13, 2016. (A copy of the contract is attached as Exhibit 2.)

12. The Bankers Umbrella Policy had a limit of $5,000,000.00. (See Exhibit 2, p. 33 of 155.)

13. Coverage under the Bankers Auto Policy does not appear to have been triggered by the accident that gave rise to the controversy and this complaint for declaratory judgment.

14. The Bankers Umbrella policy, in contrast to the NTI Umbrella policy regarding other insurance, contains the following:

   > This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy. (See Exhibit 2, p. 107 of 155 (p. 13 of 14, UMBRELLA-ACE 0612).)

## THE FACTS

15. On July 23, 2016, an automobile accident occurred in Hancock County, Ohio, at the intersection of State Route 15 and County Road 180. The accident occurred between a vehicle operated by Phillip Gardner and a vehicle operated by Jerry McClain.

16. Mr. McClain was injured in the accident and his wife, Jane McClain, died from injuries sustained in the accident.

17. Mr. McClain and the Mrs. McClain's estate made claims against Phillip Gardner (the "McClain Claims"). The McClain Claims were ultimately resolved by settlement, wherein NTI agreed to pay $5,200,000.00 to settle all claims. Probate approval of the settlement is pending.

18. Although participating in mediation via counsel, Bankers refused to contribute to the settlement.

19. Mr. McClain and Mrs. McClain's estate have assigned to NTI any rights they have to any and all claims against Bankers. (A copy of the assignment is attached as Exhibit 3.)

20. NTI and Bankers agree the NTI Auto Policy is primary for the accident that gave rise to the controversy and this complaint for declaratory judgment. NTI and Bankers further agree coverage under both the NTI Umbrella Policy and the Bankers Umbrella Policy was triggered by the accident that gave rise to the controversy and this complaint for declaratory judgment.

## THE CONTROVERSY AND CLAIM FOR DECLARATORY JUDGMENT

21. The controversy between NTI and Bankers is the priority of coverage between the two umbrella policies.

22. Under all applicable policies, based on the language contained therein, and as a matter of law, the order of coverage for the accident that gave rise to the controversy and this complaint for declaratory judgment, from primary to excess,

       is as follows:  the NTI Auto Policy, the Bankers Umbrella Policy, and then the NTI Umbrella Policy.

23.    Arguing in the alternative, based on the language contained therein, and as a matter of law, the order of coverage for the accident that gave rise to the controversy and this complaint for declaratory judgment, from primary to excess, is as follows:  the NTI Auto Policy and then the Bankers Umbrella Policy and the NTI Umbrella Policy in equal shares on a *pro rata* basis.

24.    Upon demand by NTI, Bankers has refused to participate in the settlement of the McClain Claims. Although Bankers has admitted its coverage for the accident that gave rise to the controversy and this complaint for declaratory judgment is triggered, it took the position any Bankers coverage is excess to the NTI Auto Coverage and the NTI Umbrella Coverage.

25.    NTI is, therefore, entitled to a Declaratory Judgment regarding the priority of coverage for the accident that gave rise to the controversy and this complaint for declaratory judgment of the NTI and Bankers policies from primary to excess as follows:  the NTI Auto Policy, the Bankers Umbrella Policy, and then the NTI Umbrella Policy; or, in the alternative, a Declaratory Judgment regarding the priority of coverage for the accident that gave rise to the controversy and this complaint for declaratory judgment of the NTI and Bankers policies from primary to excess as follows:  the NTI Auto Policy, the Bankers Auto Policy, and the Bankers Umbrella Policy and the NTI Umbrella Policy in equal shares on a *pro rata* basis.

**WHEREFORE**, Plaintiff prays for the following relief:

i.    A Declaratory Judgment regarding the priority of coverage for the accident that gave rise to the controversy and this complaint for declaratory judgment of the NTI and Bankers policies from primary to excess as follows:  the NTI Auto Policy, the Bankers Umbrella Policy, and then the NTI Umbrella Policy.

ii.    In the alternative, a Declaratory Judgment regarding the priority of coverage for the accident that gave rise to the controversy and this complaint for declaratory judgment of the NTI and Bankers policies from primary to excess as follows:  the NTI Auto Policy, the Bankers Auto Policy, and the Bankers Umbrella Policy and the NTI Umbrella Policy in equal shares on a *pro rata* basis.

iii.    A trial by jury on any issues so triable;

iv.    Its costs incurred herein; and,

v.    Any other relief to which it may be entitled.

Respectfully submitted,

Garvey Shearer Nordstrom, PSC

*/s/ Jennifer K. Nordstrom*

Jennifer K. Nordstrom (0066509)
2400 Chamber Center Dr., Ste. 210
Ft. Mitchell, KY 41017
Phone: (513) 445-3370
FAX: (866) 675-3676
jnordstrom@gsn-law.com
Attorneys for Plaintiff, National Trust Insurance Company